*7 The opinion of the Court was afterwards delivered by
Sedgwick, J.
(after stating the substance of the report.) It is not contended in this case, on the part of the plaintiff, that the conveyance, mentioned in the report, does not operate as the grant of an easement for the accommodation of the mill, by means of the way which has been mentioned; but it is contended that it cannot be considered as a grant of the soil over which the way passed; and, on the other side, it is insisted that the deed ought to be considered as a grant of the land.
It is agreed that the locus in quo is not within the lines desig noting the limits of the grant. And as the seisin of the defendant and his wife in the land is put in issue, the question is, whether the soil was conveyed by the expression “ with the appurtenances thereon.”
An appendant or appurtenant is a thing used with, and related to, or dependent upon another thing more worthy, and agreeing in its nature and quality with the thing whereunto it is appendant or appurtenant. (1) The way then, as an easement, might be append-ant or appurtenant to the mill; but the soil, over which the way went, could not.
An appendant is that which, beyond memory, has belonged to another thing more worthy, and which agrees with that to which it is related, in its nature and quality ; and an appurtenant is that, the commencement of which may be known. (2) Appendances and appurtenances will pass by the words, “ with the appurtenances thereunto belonging,” or by other tantamount expressions.
By the grant of a messuage, cum pertinentiis, a shop, annexed to it for thirty years, does not pass, unless it be found to be a parcel of the messuage. (3) By the grant of a house or land, cum pertinentiis, another house or land does not pass, unless it be found to be a parcel. (4) By the grant *of a mill, cum [ * 9 ] pertinentiis, the close where the mill is, or the kiln there, does not pass without some further expression. (5) Land cannot be appendant to land. (6) Nor can it be appendant to a meadow or messuage. (7) So a meadow cannot be appurtenant to a pasture, nor a pasture to a wood. (8)
From these authorities it is evident that the deed in question did not convey the soil, over which the way went, to the defendant and his wife; and, therefore, will not support this issue on his part.
*8 Nor can the defendant better avail himself of the deed of the devisees of Asaph Leonard to him, inasmuch as it is a conveyance to himself alone, whereas his plea sets up a joint seisin in himself and his wife; and, further, this last deed is subject to the same objections as that which has been already considered; there being no pretence that the soil, in the locus in quo, was conveyed by this latter deed, except as appurtenant to the subject of the grant.
We are, for the reasons which have been given, all of opinion that the direction, and the finding of the jury, upon this issue were right.

Judgment on the verdict

 Co. Lit. 121, 6. 122, a.

 Co. Lit. 121, b. Com. Dig, Appendant and Appurtenant, A.

 Cro. Car. 17.

 1 Lex. 131.

 1 Sid. 211.— 1 Lev. 131.

 1 Rol. 230, l. 50

^ Plow. Com. 170 b.

 Plowd. uhi supra.