Morton J.
delivered the opinion of the Court. This case depends entirely upon the construction of the thirty-first ciause of the will of the late Samuel Eliot. The demandant is one of the residuary devisees named in the will, and ;s enti *446 tied to recover the proportion demanded, unless it be specifically devised. The tenant derives his title from Frances Bray, to whom he contends it has been so devised by the clause referred to.
The only question in the present case, is whether the demanded premises, are included in this devise. We lay out of the case the several conveyances. Whatever Guild conveyed to Eliot, was reconveyed. And the releases from the other heirs to Guild, can have no effect upon the demandant’s right to recover. Nor can the doctrine of estoppel be pressed into the service of either party. We must look to the true meaning of the will, to enable us rightly to determine this controversy. And the intention of the testator is the polar star, by which, in the construction of wills, our course must always be governed. This intention must be ascertained from the language of the will, aided by evidence of the actual situation of the external objects to which that language is intended to apply.
The thirty-first clause of the will clearly gives to each of the daughters named a house in severalty. What passed under the term house ? Manifestly the land under the house. But to confine it to this would be too narrow a construction and obviously inconsistent with the intent of the testator. Each was to take the dwellinghouse, with its privileges and appurtenances, by her then occupied and improved. And each was to have and to hold the house and estate thereto belonging, then in her occupation. These words, by a fair construction, give to each not only the house and the land under it, but the yards about it, and whatever had been used with and was necessary to the convenient enjoyment, of it.
It is true that, strictly speaking, land will not pass as appurtenant to a house or to other land ; Leonard v. White, 7 Mass. R. 6 ; but land may pass even under the term “ appurtenance," where it appears that the testator intended to enlarge the meaning of the word beyond its technical sense. Buck v Nurton, 1 Bos. & Pul. 57. And land which for a long time has been occupied with a messuage, may, in a will, be included in the words “ appertaining to it.” Palmer, 375 ; Cro. Eliz. 16.; 1 Bing. 496. As was said by a very learned *447 judge of the highest court known m our country, “ The gcrod sense of the doctrine on this subject is, that under the grant of a thing, whatever is parcel of it, or of the essence of it, or necessary to its beneficial use and enjoyment, or in common intendment is included in it, passes to the grantee.” 3 Mason, 284.
There can be no doubt that the language of the testator, by a fair and just interpretation, is broad enough to include not only the land under and about the houses enclosed in yards, but also that which is in the open court in front of them. The words “ and estates thereto belonging,” used in the second sentence of the clause, tend to explain and enlarge the meaning of the words used in the first sentence. The house and estate thereto belonging now in the occupation of the devisee, may include land in front as well as in the rear of the house. And whatever was at the time occupied and improved with the house would pass under these words. The actual occupation at the time of making the will, must limit and define the language used. This would seem to furnish a safe and easy rule for the construction of the clause under consideration. But unfortunately, owing to the equivocal nature of the occupation, it fails to throw any clear and certain light upon the question.
All the land exclusively occupied with either of these houses would pass as parcel of the estate devised. No part of the court in front of these three houses was exclusively occupied by the tenant of either house, but the whole of it was used by each of them for certain purposes common to all. It was the means by which they passed to and from and occupied their several houses. It was also open for certain uses by the occupant of the testator’s mansion-house.
The question recurs, what estate in this court belonged to or was occupied by the tenant of each house ? The word estate may mean an absolute or qualified fee in the land itself, or only an easement upon it. Either would satisfy the term. We think each of these devisees took either an easement in the whole court, or a fee in that part of it which lay opposite the house occupied by her.
The tenant’s counsel have presented to our consideration *448 several principles and rules to aid us in the construction of the clause in question.
Unity of title sometimes determines the meaning of doubtful language. It is true where an estate has long been held by the same title, it raises some presumption that the testator intended to pass it entire. But the rule is here inapplicable, for although the estate devised in this clause had long been held by the same title ; yet the purpose of this devise was to sever it, and the question is not whether it was to be severed, but in what manner it was to be severed.
Nor can we derive any aid from the use of similar language m other parts of the will. Where throughout any instrument words are used in a peculiar sense, one part may be explained by reference to another. And ordinarily words are to receive the same construction in every part of the instrument. In this case the language is used in its common acceptation and is broad enough to pass the whole estate, without imputing to it any unusual or extraordinary meaning. And whether it does pass the whole estate or not, must depend upon the actual situation of the estate itself, rather than any construction of the language used.
The court in front of these houses was contiguous to them and necessary to their enjoyment. These facts clearly show an intention to pass some interest in-the land. But for the convenient occupation of these houses an easement may be as useful as a seisin in fee. And therefore, whether the intention was to create the one or the other of these estates, cannot be inferred from these facts.
The strongest argument urged by the tenant’s counsel is derived from the manifest intention of the testator to devise his whole estate specifically. If an easement only passed by the clause under consideration, then the fee remained to pass under the residuary devise. We cannot doubt, from an examination of the whole will, that such was his intention. But the testator was conscious that something might be overlooked or he would not have inserted any residuary clause.
There are some considerations which have led us to the conclusion, that it was the intention of the testator to devise an easement and not a fee. He manifested in his will a great *449 attachment to the mansion in which he had long lived, and a strong desire that it should be continued in the state and situation in which it then was. The preservation of the space between that and the three new brick houses, as an open court, was important if not indispensable to the convenient and accustomed enjoyment of the mansion-house.
Precisely the same language is used in reference to the three houses. The construction which gives the land in front of one to the devisee of that house, would necessarily give to the devisees of each of the other houses the land in front of them respectively. And no principle would justify us in construing the same words differently in their application to different parcels of real estate. Now if the occupant of the lower house takes the land in front of that, the occupants of the other two will have no communication between the street and their houses. We cannot by possibility believe that the testator intended to devise the upper houses without a right of way to the street. And if it had been his intention to give the fee of the land, he certainly would have excepted a right of way over it, for the use of the owners of the houses.
Having examined the whole will with reference to the actual state of the property disposed of and the peculiar situation of the estates in question, we are of opinion that it was the intention of the testator to preserve an open court there for the benefit and convenience of the adjoining houses, to give the respective owners thereof an easement in the court for various purposes, and that owing to the smallness of the value of the fee thus incumbered, or through inadvertence, he omitted specifically to dispose of it. It will therefore pass to the residuary devisees. The demandant, being one of them, is entitled to recover according to his declaration.