ABBOTT *v.* STEWARTSTOWN.

Where a *way* of *necessity* had existed over the plaintiff's land for many years, running to the saw mill of another, and a public highway was laid out by the public authorities not on the same route, and not accepted as a substitute by the owner of the land, or the patrons of the mill, such owner would be entitled to common and adequate damages for the land taken by such public highway. Otherwise, where the public highway *is received* by consent as a substitute for the way of necessity.

PETITION for increase of damages caused by a highway laid out by selectmen.

The petition was referred to the county commissioners, who reported that the plaintiff had suffered damage to the amount of $40, if in the opinion of the court nothing should be deducted therefrom on account of the following facts :

The highway passes over lot No. 15, which was formerly owned by one Keysor, who built a saw-mill thereon. Keysor's administrator conveyed to one Bedel said "saw-mill and privileges thereunto annexed," and one acre of land on which the saw-mill stood, and at the time the highway was laid out the plaintiff owned the rest of said lot. Said acre is entirely surrounded by the rest of said lot. The travel to the mill had passed over lot 15, but not in the place where the highway was laid out. The highway touches on one side of said acre. Before the highway was laid out there was no right of way across lot 15, except what resulted from the foregoing facts.

If, in the opinion of the court, these facts constitute such a special benefit to plaintiff as should be taken into consideration by the commissioners and be deducted from the aforesaid damage, then they found the amount to be deducted to be $39 ; otherwise that the whole amount of said damage should be awarded to plaintiff.

It was agreed that the amount awarded by the selectmen was $15, and that the highway laid out by them extended from one highway to another.

The defendant moved to recommit the report for amendment, that it might show that the new highway wholly superseded the use of the way of necessity if any existed, and the way to the mill across lot 15 which had been used since the erection of the mill.

The court denied the motion on the ground that these facts sufficiently appeared in the report and agreed facts, and the defendant excepted.

The plaintiff moved for judgment for $40, and if that were not ordered, then for a judgment for $15 ; and the defendant moved that judgment be rendered for $1.

Ordered that the questions arising in this case be reserved.

*Barker*, for petitioner.

*Ladd*, for the town.

NESMITH, J. It appears that the whole of lot No. 15, in Stewartstown, was many years ago owned by one Keysor. His administrator conveyed one acre of this lot, upon which Keysor had erected a saw-

mill, in his life time, to one Bedel, with the privileges thereunto annexed. We infer, though the fact is not distinctly stated, that Abbott derived his title to the rest of the lot from or through the representatives or heirs of Keysor, but it is stated, that when the present highway was laid out, Abbott did own the rest of the lot, which surrounded the aforesaid acre, where the saw-mill was located. Previous to the laying out of the present highway, the travel passed across lot No. 15 to the saw-mill, not in the place where the new highway was established.

Under the language of the grant from Keysor's administrator to Bedel, it may be considered that something useful passed to the grantee. Where a thing is granted, the grant implies a right to all the means of enjoying it, so far as the grantor was possessed of those means ; 1 Saund. 322. Or, where the principal thing is granted, the incident shall pass. Coke Litt. 152 ; Comyn's Dig. Grant E.

In *Leonard* v. *White*, 7 Mass. 6, the question was, whether under a grant of a *mill*, with all the privileges and appurtenances thereto belonging, the soil of a way passed, which had been immemorially used for the access to the mill from the highway ; the court held that the soil did not pass, but that the way, as an easement, might be regarded as appurtenant to the mill. In *Blake* v. *Clarke*, 6 Greenl. 436, the court go farther, and decide that the term *mill* may embrace the free use of the head of water, existing at the time of the conveyance, *as also a right of way*, or any other *easement*, which has been used with the mill, and which is necessary for its enjoyment. This is a generous construction.

So in *Duncklee* v. *The Wilton R. R.*, 24 N. H. 489, it was held that the property conveyed passes subject to all *existing easements* which are apparent and which result naturally from the relative situation of the land, and from the nature, construction, and intended use of buildings, *mills*, &c., as they *are then usually enjoyed*. The *easement* here may be considered as commencing by express grant, and its nature and extent are to be determined by the language of the deed, taken in connection with facts, *usages*, and the circumstances existing at the time of making it. 2 Wash. on Real Prop. ch. 1, secs. 6, 9, 14, 16, pp. 27, 28, 33, 36 ; *New Ipswich Factory* v. *Batchelder*, 3 N. H. 190 ; *Stone* v. *Clark*, 1 Met. 378.

There can be no question but that the owner of the acre of land and saw-mill had acquired, by grant, express, or implied, a right of way over and across the lot No. 15, owned by Abbott, to the extent and in the manner as usually enjoyed, subsequent to the purchase of the mill by Bedel. Has this right of way been in any way extinguished? There is no evidence before us of any non-user of the mill by the owner, or its patrons, nor of any surrender of their acquired rights, or any acquiescence in the ,proposed change. We are aware of but one mode of extinguishing this right of way by *selectmen* or *road commissioners.* This is pointed out in *Hancock* v. *Wentworth*, 5 Met. 446 : "If one has acquired a right of way to a certain building by enjoyment or user, and a public highway *is laid over* the *site* of the *building*, so as to cover the same, it will extinguish the right of way, that for which it was to be used, having been itself destroyed." 2 Wash. R. P. sec. 34, p.

60.    This experiment has not been made by the public authorities.    In practice it might prove both inconvenient and expensive.    The case finds that this new highway is not laid where those interested in the mill have been accustomed to pass over Abbott's land.    In the argument for the plaintiff the new highway is stated to run at right angles with the other way and in a different direction.    The new highway takes from Abbott his lands that have in no way been hitherto dedicated to the public use, and so far as he is concerned, the highway appears to be a new and additional burden to his estate, for which, it appears to us, he should have adequate recompense.    Again, the taking of the land for a public highway, instead of a private way, implies a new and larger user of the lands so taken, and generally imposes new liabilities and obligations, especially as relates to fencing, for which the land-holder should have indemnity.

Such are some of the reasons that bring us to the conclusion that Abbott did not derive any such *peculiar advantages* or *benefits*, by virtue of the laying out of this new highway, as would justify the road commissioners to make the proposed deduction of damages on the account of the reception by Abbott of equal gain elsewhere.    We think he is entitled to the application of the common rule of assessing damages to land-holders in this State, as recognized by the statute law, and by our decisions in *Kennett's Petition*, 24 N. H. 139 ; *Petition of White Mountain Road Co.*, 35 N. H. 147 ; *Carpenter* v. *Landaff*, 42 N. H. 218.    There should be judgment for $40 to Abbott.    The petition was recommitted.

An amendment of the case was afterwards granted wherein it was admitted that both the plaintiff and the patrons of the saw-mill could be as well accommodated by the use of the new public highway as by the old way.    Under this admission by the plaintiff, the court applied to the amended case the doctrine of Washburne on Servitudes, p. 164. Washburne there says, "so limited is the right of way by necessity in respect to its *duration*, that though it remains appurtenant to the land, in favor of which it is raised, so long as the owner thereof has no other mode of access, yet the moment the owner of such a way acquires by purchase of other land, *or otherwise*, a way of access from a highway over his own land to the land to which the way belongs, the way of necessity is then at an end."    Or, in other words, "the way of necessity ceases, as soon as the necessity to use it ceases."    Therefore, under the present admission of the plaintiff, and the original laying out, the petitioner is not entitled to an increase of his damages over and above the award of the selectmen, and the petition must be dismissed.