Said deed is in the ordinary form, conveying said lot, to have and to hold said premises, with all the privileges and appurtenances thereunto belonging, to said grantee, and containing covenants of warranty.
There is contained in said deed the following stipulations “The waterpipe along the line of lots 1 and 2 of said subdivision to be used jointly and in common by owners and occupants of said lots. ’ ’ ,
At the time of said conveyance the plaintiff also purchased from defendant the water meter then on the premises, through which the water from said pipe was measured.
Plaintiff moved in and occupied the house on said lot so purchased, and has continued to reside there since. The defendant still owns the said lot No. 2, but the house thereon is occupied by a tenant.
The evidence tends to show that the water to supply both the house so purchased and occupied by plaintiff on lot No. 1, and the house on lot No. 2, owned by defendant, is supplied from the main through this single waterpipe. The said pipe is partly on lot 2 and partly on lot No. 1. While the evidence is somewhat conflicting as to just what portion of the pipe is on one lot and what portion is on the other, but I think the weight of the evidence shows that from the point where the pipe leaves the main and enters the premises that it is very close to the lot line but probably on lot No. 2, owned by the defendant. However, I do not think that is material in the solution of the ques. tion here presented. The pipe led into the basement of plaintiff’s house where the water meter was located, and then supplied the house with water in the kitchen. At the point W'here the pipe entered the basement and after connecting with the meter, it formed an elbow and passed out again and across *129 defendant’s lot No. 2 to the house occupied by defendant’s tenant, and supplied that house with water, without a meter to measure the quantity used in defendant’s said house. All the water supplied to both houses was measured in one meter on plaintiff’s premises.
Plaintiff, after she moved into said house, objected to the use of water in the other house without a meter to determine the quantity there used.
Considerable evidence was offered for the purpose of showing statements made by each party to adjust the difficulty. Plaintiff claims that defendant promised her if she would permit the water to be so used until spring she would put in an independent service for her house. On the other hand, the defendant claims that plaintiff promised to put in an independent service. If this evidence is competent for any purpose, which I question, it can have but little weight in determining the question at issue.
There was, however, some extrinsic evidence which tends to explain the reason why the parties could not carry out the evident' purpose that both houses should use the same supply pipe for water.
This was evidently the purpose of the grantor in order to save expense of putting in an independent service pipe for her house on lot No. 2, which was not objectionable if this could be arranged so as to have a meter for defendants’ house, in order that each party would have to pay for the water used according to measurement. But the source of all the trouble, and that which rendered the arrangement to use the same supply pipe for both houses impracticable, was a rule of the water works that it would not recognize more than one meter on the same tap. This rule was not known by the parties at the time of the execution and delivery of this deed, and grantor did not know of that rule until she afterwards applied to the water works for a meter. It being then ascertained that it was«not possible for each party to have a meter in her own name recognized by the water works from the same supply pipe or tap, gave rise to controversies between the parties. Plaintiff was fearful that she would have to pay for the water used in the other house because all the *130 water was measured in her meter, whereupon, about the last of February she called a plumber and had the pipe disconnected that carried the water from her premises across to the defendant’s house, thereby shutting off the water supply to said house.
Shortly thereafter the defendant caused the pipe leading into plaintiff’s premises to be disconnected, also taking up some six or eight feet of the supply pipe from this point of entrance to plaintiff’s premises north, and conducted the water across from that point to defendant’s house, thereby shutting off the water supply to plaintiff’s premises, and defendant now has the sole use of said supply pipe.
The question is, which party, in the absence of the practical use in common by both of said waterpipe, as provided in said deed, is entitled thereto? If said deed contained no stipulation for the common use of said waterpipe, the plaintiff, under her deed, would be entitled thereto as an appurtenance to her premises, regardless of the fact that the pipe may be in part on defendant’s premises. The rule is that whatever is properly appurtenant to the principal thing granted passes with it. That which is appendant or appurtenant is defined to be—
“A thing used with and related to, or dependent upon, another thing more worthy, and agreeing in its nature and quality with the thing whereunto it is appendant or appurtenant.” "Washburn on Real Prop., Yol. 3, p. 418.
In Leonard v. White, 7 Mass., 6, it was held where one granted a mill, with its appurtenances, it did not pass the soil of a way which had been long used for access to the mill, though a right to pass over it as a way would have passed thereby.
Washburn further says that a grant of a thing will include whatever the grantor had power to convey which is reasonably reeessary to the enjoyment of the thing granted. Thus a grant of a house with appurtenances passes a conduit by which water is conducted to it (Daniels v. Cit. Sav. Inst., 127 Mass., 534). Without further detail of authorities, I am of the opinion, from all I have examined, that they support the rule laid down by this author.
*131 But the further question here is: Can the grantor, by reserving the right to use in common with the grantee, an appurtenant granted, when it appears that a common use thereof is impracticable or impossible, appropriate the same to his own exclusive use, and thereby deprive the grantee of that which he had theretofore granted?
It is a familiar rule in the application of principles of construction, that inasmuch as the fault is assumed to be in the grantor, if he has left the point doubtful, it shall be construed most favorably for the grantee. The grantor shall not take advantage of a difficulty which he has himself created. This rule is about the last which courts apply, and is resorted to only when a satisfactory result can not be reached by other rules of analysis and construction. Washburn, Vol. 3, p. 422.
In Grubb v. Grubb, 101 Pa. St., 11, it was held, as to reservations, the grant is to be construed against the grantor, so that the reservation may derogate as little as possible from the grant.
There is no question but that the grantor in this case has reserved the right of using in common with grantee this water-pipe, and there is no question but that defendant’s right to so use the same in common with plaintiff can be maintained, provided it is susceptible of any such common usage.
In solving this question, the fact must be considered that defendant’s right to use this waterpipe in common with plaintiff is not a right granted to her by plaintiff, but is a right reserved by her in her grant of said premises to the plaintiff. She has conveyed away the waterpipe as an appurtenant to the premises so deeded to plaintiff, and reserves a right to use the waterpipe in common with her. The waterpipe is plaintiff’s property because it is an appurtenant to her premises. If it is impossible to make use of the waterpipe in common, then the defendant, has reserved something that is and was at the time of the grant impossible of execution. In other words, defendant has undertaken to reserve a thing that is not possible for him to derive benefit from, for the reason that a rule of the water works will not permit it. It is not the fault of the grantee that the de *132 féndant made this mistake. Hence plaintiff should not suffer for the mistake of the defendant.
£r. J. Marriott, for plaintiff.
W. B. Page, for defendant.
As the authorities cited say, the grant is to be construed against the grantor, in order that the reservation may derogate as little as possible from the grant.
Plaintiff was entitled by the grant to her by defendant to the waterpipe to conduct water to her premises, and defendant had no right to deprive her of that privilege. Plaintiff has the better right by reason of her grant. So long as both can use the pipe in common, then it is the lawful right of both to so use it in common. But' if both can not use it — that is, if it can not be used in common — then the one who has the better right should retain and use it. In any event, the defendant had no right to deprive plaintiff from the use of this pipe to convey water to her premises; wherefore the prayer of the petition is allowed, and defendants are enjoined from interfering with plaintiff in connecting up said waterpipe and restoring the same to its former condition, so as to supply plaintiff’s said house with water, and from thereafter interfering with plaintiff in the use of said pipe and the use of water conducted through the same.