Sedgwick, J.
The tenant relies upon the statute of limitations. If the demandants have for thirty years been disseised, whatever their right might otherwise be, they cannot recover.
The occupation on which the tenant relies as a disseisin, has continued uninterrupted for more than thirty years; and the only question is, whether that occupation is a disseisin ? The occupation is by two buildings standing within five feet of each other. They stand upon piles driven into the ground. The water flows under these buildings, but neither boats nor rafts can pass under them. The vacant space between the buildings has been used by the tenant, and those with whose occupation his own is connected, as a passage-way down to the water, for the convenience of their business; and during part of the time the piles in front of the building had been planked up, although the sides were always left open.
We have none of us any doubt that such an occupation, open and visible as it was, and almost the only one which, under the circumstances of the subject of occupation, could have existed, is a disseisin. It was independent and notorious, and a complete prevention of the rights of ownership of the demandants. They claim and demand the land; but there has been no time, during this adverse possession, that they could or attempted to use it. Water flowed round the piles and under the buildings. This was no prevention of the occupation of those who owned the buildings; but that occupation was an absolute prevention of any use of the demandants, and a complete exclusion of their possession.
This opinion we think not only consistent with the doctrine laid down in the case of The Proprietors of the Kennebeck Purchase vs. Springer, which was cited at the bar, but supported by it. [*234] *As to the vacant space between the two buildings, it seems to be appurtenant to them ; to have been used by the owners of them for the purpose of carrying on their business connected with them ; and occasionally so planked as to prevent the demandants from entering from the water. This is certainly such an open and visible occupation as must, from the nature of the subject, constitute a disseisin.
The controversy is relative to the land, and not the water; and from the possession of the land the demandants were as much excluded as if the buildings had rested on the firmest and most substantial foundation.
As to what took place between the tenant and Jonas Welsh in 1798, as to any construction from the tenant’s conduct, it is a sufficient answer, that long before that time the right of the demandants was gone.

There must be judgment accoiding to the verdict