NATHAN TUFTS & another *vs.* CITY OF CHARLESTOWN.

Middlesex. Jan. 12. — March 22, 1875. AMES & ENDICOTT, JJ., absent.

At the trial by a jury of a petition to assess damages for land taken by a city for the laying out of a way, it appeared that the land taken consisted of flats on a navigable river below high-water mark, and within one hundred rods of the shore, which the petitioner's grantor had, thirty years before the taking, inclosed by a wall with gates in it, for the purpose of a tide-mill; that the soil of the pond had been dug out and used in the construction of the wall; that for ten years after this the petitioner's grantor had used the pond thus made to keep logs in; and that down to the time of the taking by the city, no one but the builder of the wall and his grantees had exercised any control over the pond or the soil covered by it. *Held*, that on this evidence the jury were warranted in finding that a title to the soil under the pond had been acquired by adverse possession.

PETITION to the county commissioners for a jury to assess damages for the taking of land by the respondent for the purpose of laying out, straightening and altering Alford Street in Charlestown.

At the trial before a sheriff's jury it appeared that a part of the land taken consisted of flats on Mystic River, below high-water mark and within a hundred rods of the shore. Evidence was put in to show that the petitioners had acquired a title to the flats by adverse possession and the presiding officer ruled that the jury upon the evidence would be warranted in finding that

the petitioners had acquired a title by adverse possession. The jury returned a verdict for the petitioners ; the verdict was certified to and accepted by the Superior Court ; and the respondent appealed. The nature of the evidence appears in the opinion.

*C. Robinson, Jr.*, for the petitioners.

*W. S. Stearns*, for the respondent.

MORTON, J. The only question presented to us is as to the correctness of the ruling of the sheriff that upon the evidence the jury would be warranted in finding a title to the estate in the petitioners by adverse possession. A part of the estate taken by the respondent consisted of flats below high-water mark and within one hundred rods of the shore, and the respondent contends that the ruling was erroneous as applied to these flats.

A title to flats, as well as to any other lands, may be acquired by prescription or adverse possession. And the same general rule applies to flats as to other lands. An actual, open, adverse and exclusive possession constitutes a disseisin, which if continued without interruption for twenty years will ripen into a title.

The title of every one in flats, so long as they remain unoccupied and uninclosed, is subject to the public right of navigation ; and therefore it is held that the use by every one of flats, by passing in vessels or boats or anchoring thereon, is not a disseisin, and, however frequent or long continued, will not give a title by prescription. Like the travel upon a highway, such use is presumed to be in the exercise of the public right, and is not adverse to the owner of the fee.

But if flats are inclosed or otherwise actually occupied by a person claiming a right to the soil, to the exclusion of all others, such use constitutes a disseisin. Thus building a wharf and using the flats at the end and sides of it to lay vessels for the purpose of loading and unloading them is a disseisin of the flats covered by the wharf, and of the flats at its end and sides, so far as exclusively used by such vessels. *Rust* v. *Boston Mill Corporation*, 6 Pick. 158. *Wheeler* v. *Stone*, 1 Cush. 313. *Drake* v. *Curtis*, 1 Cush. 395. *Nichols* v. *Boston*, 98 Mass. 39. So erecting two buildings over flats, upon piles, under which the water flowed but boats could not pass, was held to be a disseisin of the flats under the building, and under an open space between the two buildings used as a passageway in connection with them. *Boston Mill Corporation* v. *Bulfinch*, 6 Mass. 229.

Applying these principles to the case at bar, we are of opinion that there was evidence which warranted the jury in finding that the petitioners had a title to the flats in question by adverse possession. These flats are situated in a small inlet or bay of the Mystic River. It appeared that in 1830, the grantor of the petitioners erected a tide-mill, and built a dam or wall near the mouth of the inlet and extending entirely across it. This wall was a solid structure, which inclosed the pond and entirely excluded the public from the use of it for navigation, the only passage for the water being through the gates. In order to deepen the pond and to aid in the construction of the wall, the whole or nearly all of the site of the pond was excavated, in some places to the depth of five to eight feet, and the soil was used in the construction of the wall. After the wall was built, for ten years the owner of the mill kept large quantities of logs and timber in the pond, putting them in and taking them out on the side bounding on Alford Street. It also appeared that since 1830, no one except the petitioners and their grantor had any possession or exercised any control over the pond or flats. Those acts of the petitioners' grantor were consistent only with a claim on his part of a title to the soil. They amounted to an open, exclusive and adverse possession of the flats, which constituted a disseisin, and as such possession was shown to have been continued by the disseisor and his grantees, the petitioners, without interruption for more than twenty years, the jury were justified in their finding that the petitioners had gained a title by adverse possession.

*Judgment affirmed.*