## PROPRIETORS OF JEFFRIES NECK PASTURE *vs.* INHABITANTS OF IPSWICH.

Essex.    November 6, 7, 1890. — January 9, 1891.

Present: FIELD, C. J., W. ALLEN, HOLMES, & KNOWLTON, JJ.

*Corporation — Proprietors of Common Lands — " Person " — Petition to try Title — Ancient Records — Evidence.*

The incorporated proprietors of common lands are included in the word "person," as used in the Pub. Sts. c. 176, § 1, and may maintain a petition thereunder to quiet title to such lands.

If the possession and title of proprietors of common lands have been acquiesced in for fifty years from ·their incorporation by proceedings apparently regular, by all interested in their organization or property, it is not competent for a stranger to question the legality of their organization, on the ground that the incorporators were not proprietors in common.

A corporation, duly organized by the proprietors of common lands, has such a title to the lands as will enable it to maintain a petition to quiet title under the Pub. Sts. c. 176.

If incorporated proprietors of common lands exercise jurisdiction and exclusive control over the entire property for more than fifty years, the taking of gravel therefrom for three days in one month by the selectmen of a town, under authority of the town, for the repair of roads, is not such an interference with the exclusive possession of the corporation as will prevent it from maintaining a petition against the town, under the Pub. Sts. c. 176, to quiet title.

Upon a petition against a town, under the Pub. Sts. c. 176, to quiet title to land, which the town in its corporate capacity had never claimed and in regard to which it had taken no action until within a few months of the filing of the petition, evidence that for thirty years the selectmen and surveyors of highways of the town had taken gravel from the land under a claim of right in the town, or that during a like period individuals claiming by right of the town had entered upon the land and had openly and notoriously occupied for their own purposes such parts of it as they chose, is inadmissible.

PETITION, dated August 3, 1888, brought under the Pub. Sts. c. 176, by the Proprietors of Jeffries Neck Pasture, alleged to be a corporation duly established by law, to compel the respondent to try the title to certain lands alleged to belong to the petitioner, and situated in the respondent town.   Hearing before *Devens*, J., who reserved the case for the consideration of the full court.   The material facts appear in the opinion.

*C. A. Sayward*, for the petitioner.

*W. H. Moody*, for the respondent.

KNOWLTON, J.   The respondent contends that the petitioner is not a person within the meaning of that word as used in the Pub. Sts. c. 176, § 1.   But the word " person " may include corporations.   Pub. Sts. c. 3, § 3, cl. 16.   If the petitioner is a corporation, it may properly maintain a petition of this kind.

To establish its standing in court, it introduces a record of proceedings of incorporation which took place more than fifty years ago, and which are regular and perfect in form.   Under them it has been acting as a corporation ever since.   The respondent seeks to invalidate these proceedings by showing that the proprietors had not the kind of title which was necessary to give jurisdiction under the statute which provides for an incorporation of this kind.   In *Stevens* v. *Taft*, 3 Gray, 487, and in *Kilborn* v. *Rewee*, 8 Gray, 415, it was held that, to establish the existence of a corporation under this statute, it must be shown that the persons described as proprietors of common lands in the proceedings set out in the record were in fact proprietors.   But in these cases the meeting had been held only twelve years before, and it is intimated in the opinion in *Stevens* v. *Taft* that there might be a presumption in favor of the validity of an ancient transaction.

In the present case the petitioner has been acting as a corporation for more than fifty years, under an organization which on its face is regular.   It has been, during the whole of that period, in the possession and control of the real estate described in the petition.   Everybody interested in the organization of the corporation, or in the property claimed by it, has acquiesced in its claim to a legal existence.   After such an acquiescence for so long a time, until it has become difficult, if not impossible, to ascertain the facts in regard to questions which might be raised

as to the truth of some of the matters set out in the record of incorporation, we think it would be against good policy to allow the individual proprietors mentioned in the proceedings, or their representatives, or strangers, to controvert the truth of statements contained in the record on which the jurisdiction was founded. The parties to the proceedings ought to be estopped from setting up a title which would defeat the action originally taken. Against a party in possession for more than fifty years, a stranger ought certainly to be refused the privilege of questioning the legality of the organization. The respondent in the present case stands in the place of a stranger. It has been held that, in an action brought to protect the property of a corporation in possession from the acts of tortfeasors, it is enough to show a corporation *de facto.* Its legal origin is presumed from its continued existence. *Searsburgh Turnpike Co.* v. *Cutler*, 6 Vt. 315, 322. *Bank of Manchester* v. *Allen*, 11 Vt. 302, 307. In Maine, under a statute almost identical with that which we are considering, it was held that, after forty years, it was not competent for a stranger, or the individual proprietors, or their heirs or assigns, to attack the validity of the organization of a corporation, on the ground that the persons who originally claimed title as tenants in common had not in fact a title. *Copp* v. *Lamb*, 3 Fairf. 312. *Dolloff* v. *Hardy*, 26 Maine, 545, 552. *Brackett* v. *Persons unknown*, 53 Maine, 228. We are of opinion that the evidence offered to contradict the facts set out in the record was rightly excluded, and that the petitioner is a corporation which can legally bring this petition.

The next question in the case is whether a corporation regularly organized under the statute by proprietors of common lands has such a title to the property of the proprietors that it can maintain a petition of this kind. Section 8 of the Pub. Sts. c. 111, seems to be almost conclusive on this point. It is as follows: " Such proprietors may sue and be sued, and prosecute and defend, as a corporate body, for any matters concerning their common property ; and an action brought by them for trespass on their common property may be pleaded in abatement, or answered in bar of an action for the same trespass brought by them or any of them in their individual capacity." The last clause of this section assumes that the possession passes to the corpora-

tion ; and if a possession on which it can maintain trespass, why not the seisin in the legal sense which, in a case like this, is a seisin in fee within the language of the Pub. Sts. c. 176, § 1 ?

Upon this question we are not without the aid of judicial authority.   In *Monumoi Great Beach* v. *Rogers*, 1 Mass. 159, 165, it is said of proprietors who became incorporated under this statute, that they "are, by such an incorporation, seised as a corporation ; and that without any corporate act done."   In *Rogers* v. *Goodwin*, 2 Mass. 475, the legal right of proprietors of common land to convey the land by a vote under an ancient statute, giving them authority to manage and dispose of their property, is recognized by the adjudication.   In *North Bridgewater Society* v. *Waring*, 24 Pick. 304, 309, it is said, in reference to an incorporation of this kind, that "the legal title was vested in the corporation which the grantees formed."   The same doctrine is established under a similar statute in Maine.   *Chamberlain* v. *Bussey*, 5 Greenl. 164, 170.   The three cases cited by the respondent to maintain the contrary view were none of them under this statute, and they do not establish the proposition for which the respondent contends.   *Mitchell* v. *Starbuck*, 10 Mass. 5.   *Leffingwell* v. *Elliott*, 8 Pick. 455.   *Holland* v. *Cruft*, 3 Gray, 162.   We are of opinion that the petitioner has such a seisin under the statute as enables it to maintain this petition.

The respondent contends that there has been a possession on the part of the town which prevents the petitioner from showing an exclusive possession against the town such as will enable it to maintain this action.   The master finds that for more than fifty years, and ever since its organization, the petitioner has occupied the land, has enclosed it, and has maintained a fence and gate at the end of the only causeway by which the premises could be entered, and that all this time the petitioner has exercised jurisdiction and control over the entire property.   The only actual occupation or use of any part of the premises under the authority of the town was the taking of gravel from Eagle Hill by the selectmen, for the repair of the roads, for three days in August, 1888.   This use of a part of the premises, continued for so short a time, was no more than a continuing trespass, and it was not such an interference with the petitioner's possession as to put the respondent into joint possession with the petitioner at the time the petition was brought.

The evidence offered to show that the selectmen and surveyors of highways had for thirty years taken gravel from Eagle Hill for the repair of roads, under a claim of right in the town, was rightly excluded. The selectmen and surveyors were public officers who acted independently, and who could not, in a matter of this kind, affect the town by their action. *Barney* v. *Lowell*, 98 Mass. 570. *Prince* v. *Lynn*, 149 Mass. 193. As they could create no liability against the town by entering on land of another, the town could not, without a corporate vote, acquire rights in the land by virtue of such action.

The respondent also offered to show that, for thirty years, various inhabitants of the town, claiming by right of the town, had entered upon the land, and had openly and notoriously used and occupied for their own purposes such parts of it as they chose. This evidence was not competent. These individuals, acting independently and for themselves, were in no sense agents or legal representatives of the town in its corporate capacity. They could neither create a liability against the town, nor acquire rights for it, without action by the town itself. It was admitted that the town in its corporate capacity had never claimed the land, or taken any action in regard to it, until June 30, 1888.

The respondent must be ordered to bring an action to try its title within such time as a single justice of this court may determine.　　　　　　　　　　　　　　　　　　　　*So ordered.*