## KNIGHT *v.* BARR.

WATER POWER—OBSTRUCTION OF STREAM.

The owner of both banks of a stream in which a dam had been constructed from the left bank diagonally to the center of the stream, thence nearly parallel with the stream for 40 feet, thence directly down the stream to the corner of a mill, conveyed the left bank and to the center of stream, reserving the water power. *Held,* that the testimony showed that driving 31 piles, for the foundation of a building intended to be erected by the grantee in his part of the stream, would not appreciably interfere with the water power.

Appeal from Calhoun; Smith, J. Submitted April 10, 1902. (Docket No. 64.) Decided June 3, 1902.

Bill by Andrew Knight and Solomon Fess against Kate Barr and Madison Barr to enjoin interference with certain water rights. From a decree for complainants, defendants appeal. Reversed.

*F. M. Wadleigh*, for complainants.

*F. W. Clapp*, for defendants.

Hooker, C. J. Battle Creek river, at the point covered by the controversy before us, is upwards of 100 feet wide. It is crossed by a bridge on Main street, in the city of Battle Creek. This bridge is about 300 feet above the junction of Battle Creek with Kalamazoo river, and the rights in dispute pertain to the Battle Creek river immediately below the bridge. A cobblestone dam, a couple of feet high, joins the left bank of the river (looking down the stream) at a point 5 or 6 feet below the bridge. It extends out into the stream, at nearly right angles, for a distance, when it strikes down stream on a tangent, at about 45 deg., to a point approximately in the center of the stream. From that point it turns still farther down stream, nearly parallel with the stream, for 40 or 50 feet, when it turns directly down stream to a point near the corner of complainants' mill. The effect of this construction is to turn the water to the right side of the river, and the last section of the dam conducts the water, as a flume would do, to an undershot wheel, which moves the complainants' machinery. The mill stands over the stream, is supported on piles, and fronts upon the bridge. It covers but little less than half of the width of the stream. The accompanying plat will show the situation.

The defendants own the bed of the river between the center line and the easterly bank, having acquired title

from Staples, who in turn took it from Walter Clark, the common grantor, from whom both parties to the suit derive title. In each of the deeds going to make defendants' title the following provision is found, viz.: "Reserving all use of the water power, said party of the second part not to obstruct the same in any manner." The bill in the cause is filed to enjoin the defendants from driving piles in the bed of the river, upon their premises, upon which to set a building. The proof shows that they intended to drive round piles a foot in diameter. Four were to have been driven parallel with and just below the bridge, above the dam, the nearest 4 feet therefrom, said four piles extending from the center of the stream to the east bank, $12\frac{1}{2}$ feet distant from each other. It was also proposed to drive below the first row, at intervals of $12\frac{1}{2}$ feet each way, similar piles, to the number of 32, all but one of which would have been below the dam. It was the complainants' contention that these piles would obstruct the flow of water, within the meaning of the reservation, especially those below the dam, which it was contended would tend to prevent the water from clearing away from the wheel, thereby injuring the power through backwater. A number of witnesses testified that these piles would obstruct the flow of water appreciably; others, that they would not. The learned circuit judge, who saw the premises, was of the opinion that the complainants might be harmed if these piles were driven, and granted the relief prayed.

After an examination of the testimony, we are of the opinion that they would have no appreciable effect. The defendants paid a valuable consideration for this land. They are entitled to make any use of it that does not obstruct the water to complainants' injury, and they should not be compelled to forego such use for complainants' accommodation, unless there is a well-grounded apprehension of injury. We think that is lacking.

The decree is reversed, and the bill dismissed, with costs of both courts.

MOORE, GRANT, and MONTGOMERY, JJ., concurred. LONG, J., did not sit.