FRANK P. J. CARLETON, et als.

*vs.*

GEORGE H. CLEVELAND.

Knox.   Opinion November 14, 1914.

*Adverse Possession.   Damages.   Riparian Proprietor.*

1.   As the owners of upland upon the seashore and adjacent flats may sell the upland without the flats, or the flats without the upland, or divide the flats into such parcels as convenience may suggest, so the owner of upland extending to the thread of the river may sever and convey the upland or the land under the river, or any part of the latter, as well as the former.

2.   The owner of land covered by water has a right to erect and maintain buildings or other structures upon piles driven into the bed of the stream, provided he does not dam the river back upon the upper owners, or interfere with the flow of the stream to those below.

3.   The title to the land on which buildings are so erected and maintained may be acquired by prescription, and so may the right to diminish the flow or change the character of the water relative to the lower proprietors.

4. When land is conveyed by metes and bounds, the description of the line nearest the thread of the river being "thence northeasterly thirty-eight feet, more or less," which line is submerged, and there is neither mention of the river nor apt language conveying more than the lot described, the grantee is limited to the lot described, by metes and bounds. He is not a riparian proprietor.

Reported upon agreed statement of facts. Judgment for plaintiff for damages assessed at the sum of three dollars.

This is an action on the case to recover damages for diminishing the contents of and retarding the flow of water from plaintiff's mill pond upon Megunticook River. Plea is the general issue. The case was reported by agreement to the Law Court upon the writ, pleadings, agreed statement of facts, plan and photograph; the Law Court to render such final judgment therein as the law and the facts require.

The case is stated in the opinion.

*M. T. Crawford, A. S. Littlefield,* for plaintiffs.

*Reuel Robinson,* for defendant.

SITTING: SAVAGE, C. J., CORNISH, BIRD, HALEY, HANSON, PHILBROOK, JJ.

BIRD, J. This is an action on the case brought for the recovery of damages for diminishing the contents of and retarding the flow of water from plaintiffs' mill pond or storage basin upon the Megunticook River. The case is reported upon an agreed statement of facts, plan and photograph. The properties of plaintiffs and defendant are separated by a bridge (forming a part of a street) the abutments of which, with apparently solid fill, are much nearer together than the margins of the river. It is agreed that plaintiffs have the right to flow the lands above the bridge to increase the supply of water for the operation of their mill below. The defendant's premises consist of a wooden building twenty feet wide extending westerly or up stream from the bridge thirty-eight feet, more or less, and an addition, at its westerly end, twenty feet square supported, the former by fifteen, the latter by six, piles. The piles average eight inches in diameter, are placed in or upon the bed of the river and are braced by about the same number of one and a half inch planks of six inches width. The northerly line of the buildings and the thread of the stream are coincident.

The defendant claims title to the lot whereon the main store and the addition now stand by deed to him of one Edwin C. Fletcher dated January 6, 1900. It is claimed that Edwin C. Fletcher obtained title to the lot occupied by the main store by deed to him of Aura A. Fletcher whose grantor was one Flye. The latter's deed, dated June 27, 1862, described the northerly line of the lot conveyed as "thence northeasterly . . . . . 38 feet, more or less, to said road line" and it is .agreed that this line "bordered immediately upon and was washed by the water of Megunticook river." The building upon this lot was totally destroyed by fire Nov. 10, 1892, and nine days later Aura A. Fletcher conveyed the lot to Edwin C. Fletcher by deed containing substantially the same description as that of Flye to her. Subsequently to the fire Edwin C. Fletcher erected upon lot conveyed a frame building, substantially covering it, which was occupied as a store in the winter of 1892-3. In the spring of 1893 to make room for a brick block, now apparently standing, Fletcher moved his frame building northerly upon the lot lying between the thread of the stream and the northerly line of the lot described by metes and bounds in the deeds of Flye and Aura A. Fletcher, which he claimed to own as a riparian proprietor. But neither the agreed statement of facts quoted, nor the plan nor photograph indicate that the northerly line of the lot "thence northeasterly . . . . . 38 feet, more or less, to said road line," were coincident with the bank or margin of the river. The river is not mentioned in the description and there are no words, apt, or otherwise, conveying more than the lot described. Assuming that someone in the chain of title owned the upland to the thread of the stream, he and his successors in title could sell it in such parcels as he or they saw fit. The owner of upland upon the seashore and adjacent flats may sell the upland without the flats or the flats without the upland or divide the flats into such parcels as convenience suggests: *Storer* v. *Freeman*, 6 Mass., 435, 439; *Deering* v. *Long Wharf*, 25 Maine, 51, 64; *Abbott* v. *Treat*, 78 Maine, 121, 124; *Proctor* v. *Railroad Co.*, 96 Maine, 458, 467. So, we conceive, may the owner of upland extending to the thread of the river sever and convey the upland or the land under the river or any part of the latter as well as of the former: See *Warren* v. *Blake*, 54 Maine, 276, 281. We conclude that defendant under his deeds obtained no title to the lot whereon the main store now stands. He did not thus become a "riparian proprietor:" *Pratt* v. *Sampson*, 2 Allen, 275.

The defendant, however, has occupied this lot under claim of title in the manner already stated for more than twenty years prior to this action commenced. The right of the owner of land covered by water to erect and maintain buildings or other structures upon piles driven into thè bed of the stream, is clear provided he does not dam the water back upon upper owners, or interfere with the flow of the stream to those below and that the structure be so erected that it will not be washed away. The title to the land on which buildings are so erected and maintained, may be acquired by prescription: *Boston Mill Corp.* v. *Bulfinch*, 6 Mass., 229, 234; and so the right to diminish the flow or change the character of the water relative to lower proprietors: *Lockwood Co.* v. *Lawrence*, 77 Maine, 297, 319; *Ware* v. *Allen*, 140 Mass., 513, 515. The owner of the bed is entitled to a reasonable use of his land, as the riparian proprietor is entitled to a reasonable use of water, and we are unable to perceive that the maintenance of the piles and braces by defendant is unreasonable on his part, that is, as materially diminishing the quantity of water or its flow: *Knight* v. *Barr*, 130 Mich., 673, 675; *Seeley* v. *Brush*, 35 Conn., 419, 424. Nor do we consider that the length of time plaintiff has stored water over that part of the land occupied by plaintiff now under consideration affects the right to such reasonable use by one having title to a portion of the bed: *Adams* v. *Hodgkins*, 109 Maine, 361, 366. See also *Davis* v. *Brigham*, 29 Maine, 391, 400.

The title to the lot in the rear of that occupied by the main store appears to have been conveyed to Edwin C. Fletcher. His conveyance to defendant of the main store has already been referred to. At the time (1900) of this conveyance the addition had not been built. The following is the description employed: "The wooden frame building now on the west side of Maine St., Camden, Me., adjoining the drug store of E. E. Boynton and formerly occupied by Frank Hoffses as a candy and variety store together with the land on which it sits." The defendant claims that under this deed, the title to the lot in the rear of the main store vested in him. The description is not uncertain. The deed conveys no more than the law would imply if the words "together with the land on which it sits" were omitted. *Derby* v. *Jones*, 27 Maine, 357, 360; *Rogers* v. *Snow*, 100 Mass., 118, 124. What is carried by the deed is in either case the same. The rear lot during the ownership of Edwin C. Fletcher was neither enclosed nor used in connection with the main store nor

necessary to the enjoyment of the latter. See *Blake* v. *Clark*, 6 Maine, 436, 437; *Derby* v. *Jones*, 27 Maine, 357, 359-360; *Cunningham* v. *Webb*, 69 Maine, 92; *Hatch* v. *Brier*, 71 Maine, 542; See also *Furbush* v. *Lombard*, 13 Cush., 109, 114; *Oliver* v. *Dickerson*, 100 Mass., 114, 117. We must conclude that the rear lot, or that on which the addition stands, did not pass under this deed to defendant.

The erection upon the rear lot of the piles, with their braces, by defendant in the fall of 1911 was not the act of an owner of the bed of the river but was that of a trespasser, who is not entitled, as against plaintiff, to occupy the mill pond or retard the flow of water therefrom.

The defendant is liable therefore for damages to plaintiff, see *Ware* v. *Allen*, 140 Mass., 513, 515, but in view of the character of the pond and in the absence of any evidence showing a peculiar or special damage, they can scarcely be other than nominal.

We have considered alone the rights of the parties to this suit relative to the occupation of the mill pond and the retardation of the flow of its waters. Whether the river is navigable or floatable and, if so, what are the rights of the public or of one suffering special damage from the invasion of such rights is not passed upon. See *Pearson* v. *Rolfe*, 76 Maine, 380.

> *Judgment may be entered for the plaintiff for damages assessed at the sum of three dollars.*