EBEN S. S. KEITH & others *vs.* JOHN KENNARD.

Plymouth. November 17, 1915. — January 7, 1916.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Adverse Possession.*

On a petition filed in 1911 for the registration of title to a neck of land extending into White Island Pond in the towns of Plymouth and Wareham, it appeared that the petitioner claimed ownership of the land through mesne conveyances under a deed given in 1852 by one who did not have "full record title at the date of the conveyance," that one of the petitioner's predecessors in title, who took his deed in 1867, went upon the land in that year and also in 1868 and cut the timber from both sides and all the timber from the narrow portion of the neck, that this cutting took place in the presence of two persons, under each of whom the respondent claimed title, that one of these predecessors of the petitioner built a sledge road through the neck and kept the underbrush cut and, when in 1873 he parted with his title, his grantees, through whom the petitioner claimed, entered into possession and erected camp buildings consisting of a stable, a

cabin, a cook house and a boat house, which were kept locked, the owners only holding keys, that the land, although not cultivated, was kept cleared around the buildings, and that nearly thirty years before the filing of the petition an ancient wooden fence across the neck was replaced by a wire fence with a gate, which thereafter was kept locked by those in the line of the petitioner's title, who occupied the buildings two or three times each year for about a week at a time for the purpose of shooting, fishing, rest and recreation. *Held,* that a finding that a title proper for registration had been made out was warranted.

BRALEY, J. The petitioners, to establish their right to registration, relied on title by prescription as well as by grant. The proof of title by grant required an examination of ancient records, surveys and plans covering more than two centuries; and in the first request the respondent asked the judge* to rule that "The petitioners have failed to establish that they are the owners in fee of the property described in the petition. . . ." It was refused, and in so far as title by grant is involved the questions raised by the refusal would compel a lengthy review of the evidence, portions of which were admitted subject to the respondent's exceptions. But as thus applied it is unnecessary to determine the correctness of this ruling, for reasons presently to be stated. A title gained by prescription would pass by deed, and for purposes of registration it cannot be distinguished from title by grant. R. L. c. 128, § 1. *Butler* v. *Attorney General,* 195 Mass. 79. *First National Bank of Woburn* v. *Woburn,* 192 Mass. 220.

The record states that it appeared in evidence and the judge found as a fact, that on June 8, 1852, by a duly recorded deed the land in question was conveyed by one Gibbs to Josiah Folger, under whom through mesne conveyances the petitioners claimed ownership. While it is further found that Gibbs did not have "full record title at the date of the conveyance," the evidence plainly shows, that one Burgess, a predecessor of the petitioners who obtained title in 1867, went upon the land in that year and also in 1868, cut the timber from both sides and all the timber from the narrow portion of "Oliver's Neck," the designation by which the tract in dispute has been known from colonial times. The cutting took place in the presence of one Miller and one Tis-

---

* *Davis,* J. The petition, which was filed in the Land Court on January 26, 1911, was for the registration of the title to about forty acres of land, lying partly in each of the towns of Plymouth and Wareham, extending into White Island Pond in those towns and called Oliver's Neck.

dale, under each of whom the respondent alleges title. It was further shown that Burgess built a sledge-road through the neck, kept the underbrush cut, and when in 1873 he parted with the title his grantees entered into possession and erected camp buildings, consisting of a stable, cabin, cook house and boat house, which were kept locked, the owners only holding keys. The land, although not cultivated, was thereafter kept cleared around the buildings, and nearly thirty years ago the ancient wooden fence across the "Neck" was replaced by a wire fence with a gate, which has been maintained and the gate kept locked by the parties in possession. The buildings ever since have been occupied two or three times each year for about a week for the purpose of hunting, fishing, rest and recreation.

It thus appears that for more than twenty years before the date of the filing of the petition, the petitioners and their predecessors under the claim of a full record title have occupied and improved the land without interruption by the respondent or those under whom he claims. The occupation having been open, peaceable and adverse, the respondent's second and third requests that "The petitioners, upon all the evidence, have failed to establish that they have acquired the title to the property set forth in the petition by prescription," and that "Upon all the evidence in this case the petition should be dismissed with costs," were rightly denied. It follows that the finding that a title proper for registration had been made out was warranted. *Wales* v. *Coffin*, 100 Mass. 177. *Bigelow Carpet Co.* v. *Wiggin*, 209 Mass. 542, 548, 549, and cases cited.

*Exceptions overruled.*

The case was submitted on briefs.

*E. C. Jenney & H. P. Herr*, for the respondent.

*J. E. N. Shaw & A. B. Collins*, for the petitioners.