JOHN S. PHIPPS & another vs. ELIZA V. CROWELL & others.

Barnstable.    March 14, 1916. — May 25, 1916.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & CROSBY, JJ.

*Adverse Possession.*

Where one and his successors in title entered a peninsula of land containing about six hundred acres under a deed purporting to convey the entire title to the whole tract, which was recorded in the registry of deeds, and for a period of more than twenty years made use of the various parts of the peninsula, respectively arable land, marsh and woodland, for such purposes as usually accompany exclusive ownership of like property, a title by adverse possession was held to have been established.

DE COURCY, J.    The exceptions of the respondents relate only to the land designated as "Parcel No. 1." This is a peninsula of about six hundred acres, extending southwesterly from the southerly side of the town of Yarmouth into Nantucket Sound, and locally known as Point Gammon or Great Island. It is conceded that the petitioners have a good record title to all of the tract with the exception of an undivided one half interest in a portion of the partition land, so called. We need not consider the petitioners' contention that they have a good record title to this portion also, acquired through the deed given by the sole heir of Alexander Crowell, as the finding of the Land Court* is based upon their title gained by adverse possession.

In 1872 Samuel R. Payson bought Point Gammon for a summer residence and acquired title by deeds from the several owners of record. He occupied the place for a summer home and kept a farmer on the premises throughout the year. Whether his possession, especially after the date of his deed from Crowell, was of such a kind as is required for gaining title by adverse possession need not be determined.

In 1883 Payson conveyed the entire Parcel No. 1 to Charles B. Cory. The peninsula was bounded by water on three sides. Across the narrow portion of the neck near the northeasterly part of the property, and running from the sound on one side to Lewis

---

* Made by *Davis,* J.

Bay on the other, Cory erected a substantial fence more than six feet in height. From 1883 to 1907 he and his successors in title excluded the public from the property, and a gate-keeper turned back those who attempted to enter the premises. In addition, Cory erected elaborate farm and other buildings on the locus, laid out golf links covering about one hundred acres, fenced off a large tract for a game park, and expended more than $100,000 on the improvement of the property. He and his family lived at Point Gammon the greater part of every year, and his employees live there throughout the year. In 1901 he conveyed all but fifty acres to a corporation, and the title to all of the locus later passed to the petitioners. Since 1883, Cory and his successors in title have cultivated the arable land in rotation, and used the remainder of the locus for the purposes for which it was adapted.

The respondents' exceptions are to the findings by the Land Court of title in the petitioners acquired by adverse possession. We cannot say that the evidence does not fully warrant that finding. At least since 1883, when Payson conveyed to Cory the entire interest in Parcel No. 1, there has been exclusive possession of the entire locus maintained by the petitioners and their predecessors under a claim of title. The acts of dominion exercised by them were open, adverse and continuous; they indicated a claim on the part of the possessors of exclusive title to the entire premises; and the use they made of the various parts of the peninsula, arable, marsh and woodland, was in harmony with that claim, and was of such character as usually accompanies exclusive ownership of like property. *Keith* v. *Kennard,* 222 Mass. 398. *Tufts* v. *Charlestown,* 117 Mass. 401. *Andrew* v. *Nantasket Beach Railroad,* 152 Mass. 506. *Houghton* v. *Wilhelmy,* 157 Mass. 521.

The record does not disclose the basis for the respondent Eliza V. Crowell's claim of an interest as tenant in common in the one eleventh part set off to Alexander Crowell. But, assuming that she had such interest, it is clear that Cory entered, not as a tenant in common but as sole owner, under a deed purporting to convey the entire interest in the locus. She had constructive notice of this from the recording of his deed. And his notorious acts, already referred to, indicated a possession that was exclusive, and constituted notice to all the world, including the respondent, of an adverse claim of title. *Joyce* v. *Dyer,* 189 Mass. 64, 68.

*Parker* v. *Proprietors of Locks & Canals,* 3 Met. 91.   *Samuels* v. *Borrowscale,* 104 Mass. 207.   *Ball* v. *Allen,* 216 Mass. 469.   10 L. R. A. (N. S.) 185, note.

*Exceptions overruled.*

*E. M. Bennett,* for the respondents.
*W. H. White,* for the petitioners.