ANNA W. BARKER *vs.* JOHN KENNARD.

Plymouth. March 7, 1917. — May 23, 1917.

Present: RUGG, C. J., BRALEY, DE COURCY, PIERCE, & CARROLL, JJ.

*Prescription. Mill Act. Cranberry Land. Practice, Civil,* Exception, Verdict.

At the trial of an issue framed on an appeal from a decision of the Land Court, whether the respondent acquired title by adverse possession to any portion of the land claimed by the petitioner, there was evidence that the respondent more than twenty years before the filing of the petition had refused to permit the predecessor in title of the petitioner to enter upon a portion of the land to build a dam, the respondent asserting and believing that he was the owner of that land; that the petitioner's predecessor in title had yielded to the respondent; that within a few years thereafter the respondent under a claim of right had entered upon the land and had converted it into an artificial water basin and openly, notoriously, adversely, continuously, exclusively and under a claim of right had occupied it since that time. A request of the petitioner for a ruling that, "upon all the evidence, the respondent did not acquire title by adverse possession to any portion of the land claimed by the petitioner" was denied by the judge. *Held,* that the request was denied properly.

Where, at the trial of two issues framed on an appeal from a decision of the Land Court, the presiding judge correctly instructs the jury that, if they find in favor of the respondent on the first issue, they need not answer the second issue, and the jury finds in favor of the respondent on the first issue, it becomes unnecessary, on an exception by the petitioner, to consider requests for rulings made by him, or rulings made by the judge as to evidence admitted subject to his exception, where such rulings and evidence were applicable only to the second issue.

The provisions of R. L. c. 196, § 39, permitting the owner or lessee of land appropriated, or which he desires to appropriate, to the cultivation and growth of the cranberry, to erect and maintain a dam across a stream to flow and irrigate the land subject to the provisions of that chapter, is not applicable to a dam placed across a stream for such purpose in 1884 by a person who did not own the land where it was erected.

Therefore the determination of the rights gained by such person through open, notorious and adverse use of the land for such purposes for more than twenty years after the erection of the dam in no way is affected by the provision of R. L. c. 196, commonly known as the mill act.

PETITION, filed in the Land Court on January 21, 1910, for the registration of the title to certain land in Plymouth. The respondent claimed title to a portion of the land by disseisin and adverse possession for more than twenty years.

Issues framed on an appeal from the Land Court, as stated in

the opinion, were tried in the Superior Court before *Dubuque,* J.
The material evidence is stated in the opinion.

At the close of the evidence, the petitioner asked for the follow-
ing rulings:

"1. That, upon all the evidence, the respondent did not acquire
title by adverse possession, to any portion of the land claimed by
the petitioner.

"2. That, upon all the evidence, the respondent has not ac-
quired, by prescription, the right to maintain dams or dikes upon
the land claimed by the petitioner."

"6. That, as a matter of law, Kennard cannot acquire the
right to use the land claimed by the petitioner as a reservoir.

"7. If the jury finds that Kennard has acquired the right by
adverse user continuously for twenty years or more, to maintain
any dam or dike upon land claimed by said Barker, that he has
not acquired the prescription right to use any land claimed by
said Barker in this cause, other than land on which said dam or
dike stands, as a reservoir for the storage of water."

"9. That any claim on the part of Kennard of a right by pre-
scription to erect dams or dikes, either upon his land or land
claimed by Mrs. Barker, can exist or be substantiated only
because or under the provisions of R. L. c. 196, or of any acts
in addition thereto or in amendment thereof.

"10. That the petitioner, Mrs. Barker, has no action at com-
mon law for the recovery of damages for the erection, maintenance
or use of the dams or dikes constructed, maintained or used by
Kennard on her land, or any portion thereof.

"11. That the provisions of R. L. c. 196, give Kennard no
right to make any actual use as a pond or reservoir of land claimed
by the petitioner.

"12. That any exercise of the right of flowage conferred under
the provisions of R. L. c. 196, is not the enjoyment of an easement
in the land of Mrs. Barker so flowed.

"13. That the exercise of such right by Kennard is not adverse
to the title or possession of the title claimed by Mrs. Barker in
such land so flowed.

"14. That the exercise of such right by Kennard cannot ripen
into title by the lapse of time.

"15. That, when said right has become absolute by his exercise

.of adverse possession for more than twenty years, it is an ease-
ment with respect to the use of the stream only, and not an
interest in or right over the land flowed."

The first issue, as stated in the opinion, was answered favorably
to the respondent; and the petitioner alleged exceptions.

*M. Collingwood*, for the petitioner.

*E. C. Jenney*, for the respondent.

PIERCE, J. This is an appeal from the Land Court for a jury
trial with two issues framed as follows: "1. Has the respondent
acquired title by adverse possession of any portion of the land
claimed by the petitioner in this case, and, if so, to what portion?
2. Has the respondent acquired by prescription, the right to
maintain dams or dikes on the land claimed by the petitioner in
this case, and, if so, where?" The jury returned an answer to the
first issue as follows: "The jury answers Yes, to that portion of
the land contained inside of the red line marked upon the plan,
Exhibit No. 3." The judge instructed the jury that if they
answered the first question in the affirmative, they need not
answer the second issue, and in accordance with the instructions
they made no answer to the second issue. The bill of exceptions
states: "The court gave full and complete instructions to the
jury as to adverse possession and title by prescription, to which
no exception was taken."

It is in evidence that the respondent on July 6, 1880, acquired
title to the tract in dispute; that four days later he conveyed
the premises to the petitioner's predecessors, Heald and Jones;
that at the time of his purchase the respondent was and still is the
owner of adjoining land on the south and west including some
large cranberry bogs down the river; that for some years previous
to 1884 the respondent had maintained a dam farther down the
river which was used for holding back the water on the land now
in question for the benefit of his own bog and certain other bogs
belonging to Heald and Jones. A dispute arose between the
respondent and Heald and Jones in regard to the sharing of
expenses of the maintenance of that dam, and about 1884 Heald
and Jones began to build a dam on their own side of the westerly
line of the land conveyed to them in 1880 by the respondent, where
the dam claimed by the respondent now stands. The respondent
disputed their right to construct this dam, claiming and believing

that he was the owner of the land in dispute. Heald and Jones yielded to his claim and thereupon secured another water supply. In 1884 the respondent, under a claim of right and believing he was the owner of the property in dispute, entered on the land and converted it into an artificial reservoir or basin. In the construction thereof he erected, entirely around said reservoir and upon the land claimed by the petitioner, dams or dikes; he built into the dams or dikes several sluiceways and flumes, provided several sets of flashboards, dug trenches in said reservoir, cleared and prepared the land and maintained it by cutting trees, bushes and grass upon the entire area of the reservoir and the area occupied by the dams and dikes "openly, notoriously, adversely, continuously, exclusively and under a claim of right," for more than twenty years before to the date of the filing of the petition in this case.

The first request "That, upon all the evidence, the respondent did not acquire title by adverse possession, to any portion of the land claimed by the petitioner," was denied rightly. All the evidence is not set out in the record, nor is it stated that the bill of exceptions contains all the material evidence. Nevertheless, it discloses evidence of facts abundantly sufficient to warrant the jury in finding that the respondent openly and continuously denied the title of the petitioner's predecessors to the land in dispute; that the respondent claimed the disputed land was his land, that he entered on the land claiming to be the owner of it and with an intent to claim it against the true owner; that the predecessors in title of the petitioner ceased to occupy the land because of the respondent's claim of title; that the respondent was possessed of it in fact, and his occupation was open, notorious, exclusive and continuous for a period of more than twenty years prior to the filing of the petition of the petitioner for registration. These acts, if found by the jury, clearly amount to a disseisin and adverse holding against the true owner. *Boston Mill Corp.* v. *Bulfinch,* 6 Mass. 229. *Melvin* v. *Proprietors of Locks & Canals,* 5 Met. 15. *Tufts* v. *Charlestown,* 117 Mass. 401.

In addition, the jury were warranted by the evidence in finding that the respondent evinced an intention to hold the land against the true owner by acts of ownership, such as the building of dams,

dikes, trenches, sluiceways, and the cutting of trees, bushes and grass upon the entire area of the disputed land.

The finding of the jury, that the respondent had acquired title to the disputed land by disseisin and adverse possession continued under claim of right for more than twenty years, renders it unnecessary to discuss whether the respondent could as a matter of law acquire by prescription an incorporeal right to maintain dams and dikes upon the land owned by the petitioner, or could acquire a right to use the land as a reservoir which should be appendant or appurtenant to adjoining land of the respondent. *Leonard* v. *White,* 7 Mass. 6. *Harris* v. *Elliott,* 10 Pet. 25. *Donnell* v. *Humphreys,* 1 Mont. 518, 528.

The remaining requests deal in various forms with rights acquired by an owner of a cranberry bog who uses the waters for purposes incident to flowing his land. R. L. c. 196, § 39. It is plain that the question to be submitted to the jury in any aspect of the evidence, was not the right of flowage under the mill act, but was the question of title to the land or, in case the jury found the respondent had no title, of an incorporeal right to the use of the disputed land for the purposes to which it was put. See *Craig* v. *Lewis,* 110 Mass. 377, 379; *Williams* v. *Nelson,* 23 Pick. 141; *Murdock* v. *Stickney,* 8 Cush. 113, 116; *Storm* v. *Manchaug Co.* 13 Allen, 10. The mill act conferred no privilege of flowage on the respondent because the placing of the dam was in violation of Pub. Sts. c. 190, § 2, R. L. c. 196, § 2, which reads ". . . nor shall a mill or dam be placed on the land of any person without such grant, conveyance or authority from the owner as would be necessary " to convey land. The dam was not placed on land of the respondent, and there is no contention or evidence that the owner of the land by grant or conveyance ever gave authority to any person to place it on the disputed land.

The remaining exception relates to the testimony of the respondent, in substance that the waters of the reservoir were essential to the productive value of the cranberry bog below. The evidence manifestly was understood by judge and attorneys to be offered in support of the contention that the right to maintain the reservoir as a source of water supply to the cranberry bog below was an easement, which could be acquired by prescription and become appurtenant to the cranberry bog. This issue became immaterial

and was lost in the finding that the respondent had acquired title by adverse possession to the land. It follows that the error, if any, was cured by the verdict. *Cohasset* v. *Moors,* 204 Mass. 173, 180.

*Exceptions overruled.*