A verdict was found that part of the chattels were the property of the plaintiff, and part not. Upon which the parties moved the Court to direct the clerk as to the taxation of the costs; and the action standing continued nisi for advisement on this motion, the opinion of the Court was delivered at the succeeding March term, in Boston, by
Gold, for the plaintiff.
Williams, for the defendant.
Parsons, C. J.
By the general rule derived from the express provision of the statute of 1784, c. 28. § 9., * the [ * 344 ] party prevailing in all civil actions shall have costs.
In replevin each party may be an actor. If the plaintiff prevails, he shall have damages for the unlawful caption and detention by the defendant, and also his costs. But if the defendant prevails, he shall have a return of the goods, and damages for the taking of them on the writ, and also his costs.
In the present case, each party must be considered as prevailing within the intent of the statute. The plaintiff is entitled to damages for the unlawful caption and detention of such of the goods as the jury have found were his property. The defendant must have a return of such of the goods as are found not to be the plaintiff’s property, with damages for the taking of them on the writ.
As each party has judgment for damages, he is so far a prevailing party, and must also have his costs. Therefore let the clerk tax for each party his legal costs.
Note. The same question arose in Worcester, September term, 1809, in a replevin wherein Nathaniel Arnold was plaintiff, and James Brackett, jun. was defendant, and the same direction was given by the Court, as to the taxation of the costs.