*By the Court,
Wood, Judge.
Our replevin act, 3 Ch. St. 1723^, § 7, 8, provides, that in all cases where issue is joined in replevin, and the jury shall find for the defendant, they shall also find whether the defendant had the right of property in the goods and chattels, or the-right of possession only, at the commencement of the suit, and if they shall find either in his favor, they shall assess such damages as they may think right and proper for the defendant, on which, with costs of suit, judgment shall be rendered by the court. But if the jury find for the plaintiff on the issue, they shall assess adequate damages to-him for illegal detention of the property, for which, and the costs, judgment shall be rendered for the plaintiff. In this case both parties-seem to be within the letter and spirit of the act of Assembly, and entitled to costs, for each has an assessment of damages in his favor,, and we see nothing inconsistent with general principles, in awarding-costs to each. The precise question was decided in Massachusetts, in 1809, Powell v. Hinsdale, 5 Mass. 343. In that ease the jury found part of the chattels in the plaintiff and part not, and the court said, that in replevin, each party might be an actor, and if the plaintiff prevailed he should have damages for the caption and detention by the-defendant, but if .the defendant prevailed, he should have a return of the goods, and damages for the taking on the writ, with costs. In *71 ■which case, each party would he considered as prevailing, and as each had judgment for damages, he must also have judgment for costs. We consider the same rule applicable to this ease. Judgment will therefore be entered for the plaintiff, for five dollars and costs, for the defendant for three dollars and fifty cents and costs.