### JAMES G. KNOWLES *v.* SAMUEL C. PIERCE.

Neither the raw material furnished by another to the tenant of a woolen factory to be woven into flannel for him at a stipulated price per yard nor the fabric when made, on the demised premises, are subject to distress for rent due the landlord and in arrears for the past year, or to the landlord's attachment for the rent growing due the current year; but they both have a preference as to other goods on the premises belonging to the tenant over attachments against him for wages due the hands employed in the factory.

In an action of replevin each party may be an actor. If the goods have been replevied and the plaintiff prevails in it he is entitled to nominal damages, and also his costs; but if the defendant prevails in it he is entitled to a return of the goods or to damages to the value of them and also his costs. If a verdict be found that a part of the goods replevied were the property of the plaintiff and a part were not, each party must be considered as prevailing to that extent respectively, and the verdict must so be in favor of each of them respectively; and as each party has judgment upon it for his damages, either nominal or substantial, he is so far a prevailing party and must also have his costs.

REPLEVIN for sundry goods and chattels in a woolen mill or factory the property of E. I. du Pont & Co. and in the tenure of Frank S. Urie, lessee, distrained for one year's rent due the land-lords, and taken on their attachment for a year's rent growing due, and on numerous foreign attachments against Urie, who had left the State, sued out by hands in the mill for wages due them. The goods were replevied on the writ and delivered by the sheriff to the plaintiff, who was living and doing business in Philadelphia, and consisted of an arm-chair, a walnut desk, all warps in the

mill, on or off the looms, all flannels, all the cops filling in or about the mill, all wool filling in yarn about the mill, and all weavers' or other waste, either cotton or wool. The defendant was a constable, who had taken the goods on the distress and attachments.

The evidence was that Urie was the lessee of and running the mill in 1874, and was engaged in weaving in it cotton and woolen shirting flannels for others out of materials furnished by them at a stipulated price per yard, and in May of that year entered into an agreement with the plaintiff to weave flannels of that kind for him out of stock or materials to be supplied by him for that purpose, and was so engaged in weaving for him all the summer and fall until he was stopped in his business by a foreign attachment in the month of September; and when made the goods were all the property of the plaintiff, and the only property which he had in them was his lien on them and right to retain them in his possession until he was paid for making them. It also appeared in evidence that he was the brother-in-law of the plaintiff, and the owner of the arm-chair and walnut desk among the goods before mentioned. There were three hundred dollars due and in arrear to the landlords for one year's rent of the premises, for which the distress had been made, and three hundred dollars for the current year's rent then growing due for which a landlord's attachment had been issued. The goods were valued at one thousand four hundred and fifty dollars.

*The Court, Comegys, C. J., charged the jury:* The defendant in the action, who was the constable who served the attachments in the case, avows or admits the taking of the goods in question as the property of Frank S. Urie, the tenant of the woolen mill or factory spoken of in which they all then were, and justifies the taking of them under the writs as his goods; the plaintiff, however, claims that he was then the absolute and rightful owner of them, and if by an agreement between him and Urie he furnished the raw materials for the purpose, and Urie was to manufacture them into flannels for him at an agreed price per yard, then he was in law the owner of them and would have

been entitled to take them away on paying the price for the weaving of them.  The jury had heard the evidence in the case, and the only question to be considered and decided by them was the ownership of the goods and to which of them did they then belong, whether to the plaintiff, James G. Knowles, or to Frank S. Urie.  There were two articles, however, included among the goods taken which stood upon different grounds, and they were the arm-chair and the walnut desk, which, according to the only testimony submitted with reference to them specially, were also furnished by the plaintiff to Urie, but were to be his own property when he paid the plaintiff for them, which he had not yet done.  For if upon the evidence the jury should conclude that the flannel and the materials then being used in the making of it, taken on the distress warrant of the landlords for the year's rent then due and in arrear, and also on their attachment for the next year's rent then growing due, were then the property of the plaintiff and not the property of Urie, and were in the possession of the latter upon the premises in question in the way of his trade or in the regular course of his occupation or business then carried on there, to be manufactured into flannels for the plaintiff, then, under the provision of the statute in such case made and provided alike for the encouragement of trade and the protection of the rights and interests of the owner of the property under such circumstances, such goods were exempt from seizure and could not be taken under either process by the officer having them in hand, that is to say, either under the distress warrant of the landlords for the year's rent of three hundred dollars then due and in arrear or under their attachment for the like amount of rent then growing due for the current year.  But under the statute that exemption did not apply to the arm-chair and walnut desk on the premises, if the jury should be of opinion upon the evidence in regard to them that they were then the property of the plaintiff, for if they were then his property and not Urie's they were lawfully subject to such process and to be taken on either and both of them.  On the contrary, however, if you should be satisfied from the evidence that all or any part of the goods in question were then the property of Urie and not of the plaintiff, then all or such parts of it as

you find belonged to him would be subject to either process and to both of them, and were properly taken by the officer under them for the rent mentioned.

There were also thirty-one foreign attachments, issued at the suits respectively of as many hands employed in the factory, against Urie for the wages then due them, in the hands of the same officer and the defendant on the record in this action, on which all of the same goods now in question were taken by him as the property of Urie and liable for his indebtedness to them, but if the whole or any part of them were then the property of the plaintiff, the whole or the part of them which belonged to him as his property was not legally liable to be taken on any one of these attachments, not even the arm-chair and walnut desk, although if those two articles belonged to the plaintiff and were then upon the demised premises they were subject to be taken on the distress warrant for their year's rent then due and in arrears to the landlords, and also to be taken on their attachment for their year's rent then growing due; but in that case they would not be liable, as we have before said, to the attachments of the hands, owing to a well-known and long-established difference and distinction which the law itself makes between claims for rent and claims for any other kinds of indebtedness under such circumstances and the preference which it consequently gives to claims for rent over them. If then all the goods but the chair and desk were the property of the plaintiff and in the possession of Urie and upon the premises for the purpose before stated, they were not subject to any of the writs under which they were taken by the defendant, and the verdict of the jury should accordingly be in favor of the plaintiff; but if the chair and desk were his property and were then on the demised premises, for the reason before stated, they were subject to be taken by the defendant, and it was his duty to take both on the distress warrant of the landlords and their writ of attachment for rent, but not on any of the other writs of attachments in his hands, then so far as those two articles are concerned in the case their verdict should be in favor of the defendant, and as the goods were all replevied under the writ with which this suit was commenced, for the return of them to the defendant, if they can be found, but if not

then for damages for him to the value of them. If, however, the jury should believe from the evidence that all of the goods in question were then the property of Frank S. Urie, the tenant of the factory, and not the property of the plaintiff, then they were subject to be taken on all of the writs in the hands of the defendant, and in that case their verdict should be in favor of the defendant with a like return of all of the goods to him or damages in his favor to the value of them; or if they should believe from the evidence that any part of them, the chair and desk, for instance, were the property of Urie and not of the plaintiff, then their verdict should be for the defendant with a like return of them to him or damages in his favor to the value of them. If the verdict should be for the plaintiff, as all the goods were replevied and restored to him under the writ of replevin, they should award him nominal damages merely; but if they should find on the basis of the instructions already given them that any part of the goods were the property of the plaintiff, but were not liable to be taken on any process in the hands of the defendant, and that another part of them were the property of the plaintiff, and were liable to be taken on any process in the hands of the defendant, then it would be the duty of the jury to return a verdict in favor of the plaintiff for nominal damages in regard to the part of the goods first mentioned, and in favor of the defendant in regard to the part last mentioned, and for a return of the same to him, or for damages to the value of them if they cannot be returned, for in replevin each party may be an actor. If the goods have been replevied and the plaintiff prevails in the action he should have by our practice nominal damages and also his costs; but if the defendant prevails he should have a return of the goods, or damages to the value of them and also his costs. If a verdict be found that part of the goods were the property of the plaintiff, and a part were not, each party must be considered as prevailing to that extent respectively and the verdict must so be in favor of each of them respectively, and as each party is to have judgment upon it for his damages, either nominal or substantial, he is so far a prevailing party in the action and must also have his costs. *Powell* v. *Hinsdale*, 5 *Mass.* 342; *Winnard* v. *Foster*, *Lutw.* 1190; *Clark* v. *Keith*, 9 *Ohio* 72; *Poor* v. *Woodburn*, 25 *Vern.* 234.

The verdict of the jury was in favor of the plaintiff for six cents costs besides the costs expended, and also for the defendant, and they assessed his damages at twenty-five dollars, according to which judgments were entered for each of the parties for their respective damages ; and on motion the court allowed the plaintiff all his costs, and the defendant the appearance fee of his attorney, two dollars and sixty-seven cents.

*Gray,* for the plaintiff.

*Lore,* for the defendant.