Town of Nantucket *vs.* Mary K. Mitchell.

Nantucket.    March 7, 1930. — March 24, 1930.

Present: Rugg, C.J., Carroll, Wait, Sanderson, & Field, JJ.

*Adverse Possession. Deed*, Construction. *Land Court*, Findings by judge.
*Evidence*, Presumptions and burden of proof.

A judge of the Land Court heard a petition for the registration of the
title to certain land upon oral testimony and documentary evidence,
took a view of the locus, and, by agreement of the parties, used
knowledge, which he had acquired in previous proceedings before him,
of the situation of the property of the respondent and surrounding
properties and the use by the public and by adjacent owners of a
certain material foot path, found and ruled for the petitioner and
made a general order for registration of the title of the petitioner.
A respondent alleged exceptions, but the bill of exceptions did not
purport to report the evidence. *Held*, that the general order for
registration imported a finding of every primary and subsidiary fact
necessary to that conclusion.

The question, whether the respondent in a petition for registration of
the title to land has gained a title superior to that of the petitioner
by open, adverse, exclusive, continuous and uninterrupted possession
under claim of title for the requisite period of twenty years, is one of
fact, and the burden of proving such title is upon the respondent.

Special findings by a judge of the Land Court after the hearing of a
petition for registration of a title to land, stated in a decision filed
by him in which he made a general order for registration of the title
of the petitioner, where it appears that the judge took a view of the
locus and the evidence is not reported, are final unless they are of
such nature, or so contradictory and incompatible, that as matter
of law the order for the decree in favor of the petitioner is not warranted.

The owner of a large tract of land in Nantucket bounded easterly by a
line substantially at the foot of a high bank or bluff, between which
and the ocean at mean high water was an expanse of beach upland
owned by the Proprietors of the Common and Undivided Lands of
the Island of Nantucket, divided the tract into lots, the easterly line
of which was at a reasonably safe distance westerly of the edge of the
bluff. A foot path ran along the top of the bluff. Such owner in 1892
conveyed three of the lots, bounded easterly by the foot path, to a
certain woman. Twenty days later he conveyed to the Proprietors
the land, between the easterly boundary lines of the easterly tier of
lots and the beach upland owned by the Proprietors, in trust for the
purposes of a way or foot path along the bank and for no other pur-
·pose, with authority to convey said tract to the town of Nantucket
for the same purposes; and the next day gave the woman a quit-

claim deed of so much of that land as was easterly of her east boundary, stating that such deed was "subject to" his deed "conveying the same premises to the Proprietors . . . in trust for uses and purposes therein specified." Within a few years thereafter, without disturbing the path, the woman protected the bank with bulkheads of boards, planted the land east of the path, tended it as a lawn, built steps down the bluff opposite her lots, built bathhouses at the foot of the bluff in the tract described in her later deed and erected on said strip at the foot of the bluff a small engine house used in connection with a gas plant for her house; and continued such use of the land for more than twenty years. The Proprietors conveyed to the town their interest in the land conveyed by the original owner to them in trust. At the hearing of a petition filed in 1925 by the town for registration of the title to such land, the woman as respondent contended that she had acquired a title by adverse possession. The judge found that she had not acquired title by adverse possession against the petitioner and its predecessor in title, and ordered a decree for the petitioner. The respondent alleged exceptions. *Held,* that

(1) The circumstance that the respondent entered upon the disputed parcel under color of title by virtue of the second deed to her from the original owner did not affect the rule of law that the question, whether she had acquired title by adverse possession, was one of fact;

(2) The second deed to the respondent from the original owner was of no avail in proof of the character or of the fact of possession by her, because it bore on its face as a part of the "interest" attempted to be released and quitclaimed the assertion that it was "subject" to the grantor's earlier deed to the Proprietors: it at most was a piece of evidence to be weighed by the trial judge together with all the other evidence in deciding the vital issue between the parties;

(3) No act of the respondent in pursuance of her alleged possession was inconsistent with the trust for the maintenance of the way or foot path; and an inference of permission by the Proprietors for the incidental and subsidiary purposes for which the respondent used the land could not as matter of law be pronounced impossible or inconsistent with the acts done by the respondent;

(4) The facts taken together did not require the further finding of actual disseisin or ouster of the Proprietors as the owners of the record title, which was a finding essential to the establishment of title by adverse possession;

(5) The nature of the respondent's occupation being consistent with the condition in her second deed from the original owner, a presumption arose that it was under and in pursuance of that condition and not adverse to it, notwithstanding that her entry was under color of title;

(6) No error of law appeared in the judge's finding and final order.

PETITION, filed in the Land Court on December 22, 1925, for registration of the title to certain land in Nantucket.

The petition was heard in the Land Court by *Davis*, J. Material evidence and findings and rulings by the judge are stated in the opinion. The respondent alleged exceptions.

*N. B. Vanderhoof*, for the respondent.

*J. M. Swift*, (*A. P. Curran* with him,) for the petitioner.

RUGG, C.J.   This is a petition to register title to a strip of land in that part of the petitioning town known as Siasconset. The petitioner claims title ultimately through one Flagg and immediately under deed from the Proprietors of the Common and Undivided Land of the Island of Nantucket, hereafter called Proprietors, subject to trusts therein declared. In 1873 Flagg owned a large tract of land including a part, if not the whole, of the locus. So far as concerns the present controversy, it was (as found by the trial judge) bounded easterly by a line substantially at the foot of a high bank or bluff, between which and the Atlantic Ocean at mean high water is an expanse of beach upland owned by the Proprietors. Flagg had plans made dividing his tract into lots, the easterly line of which was at a reasonably safe distance westerly of the edge of the bluff. A foot path ran along the top of the bluff. By deed dated September 1, 1892, Flagg conveyed to Mrs. Mitchell, hereafter called the respondent, a tract composed of three of the most easterly tier of his lots bounded easterly by a foot path along the bank. By deed dated September 21, 1892, Flagg conveyed to the Proprietors the tract of land (with exceptions not here material) lying between the easterly boundary lines of the most easterly tier of said lots, being in part the easterly boundary of the respondent's tract, on the west, and the beach upland belonging to the Proprietors, on the east, the strip so conveyed to be held by the Proprietors in trust for the purpose of a way or foot path along the bank and for no other purposes, with authority to convey said tract to the petitioner for the same purposes. By instrument dated the following day, Flagg gave to the respondent a quitclaim deed of all his interest in the land lying eastward of and between the extension of the northern and southern lines of the tract theretofore conveyed by him to her with the

condition that all of the land lying between the east line of the tract previously conveyed to her and the edge of the bank be kept open for the purpose of a way or foot path along the bank, and reciting further: "this deed being subject to my deed of September 21, 1892, conveying the same premises to the Proprietors . . . in trust for uses and purposes therein specified." All these deeds were recorded in the order of their respective dates. The trial judge states: "Flagg conveyed many, if not all, of his front lots in a similar way. Just what interest he thought he had, or was conveying by the quit claim deeds, does not appear. The respondent and other purchasers obviously thought they were acquiring some interest in the bank or bluff, subject to the foot path. The respondent Mitchell in 1922 filed a petition for registration of title to her land, claiming easterly to the ocean. In that case, as in other cases out of this same tract, I ruled that title to the strip between the easterly line of the tier of lots on the west, and the line at the foot of the bank on the east, passed to the Proprietors under said deed of September 21, and not to the respondent under her deed of September 22."

Other relevant facts found by the trial judge are these: "The respondent built a house on her lots to the west of the foot path, and in 1893 secured the edge of the bank from crumbling by a sort of bulkhead of boards, filled in between her house and the edge of the bank with soil, and made the space into a lawn, leaving a well defined foot path over it as a part of the continuous foot path from Sankaty Head Lighthouse southerly along the top of the bluff; planted rose bushes and broom on the face of the bluff, both for ornamentation and to secure it from washing; built a flight of about one hundred steps down the bluff from in front of her house; built two bath-houses, each containing three compartments, at the foot of the bluff, but to the west of the boundary line of the strip conveyed to the Proprietors in 1892; and a few years later erected on said strip at the foot of the bluff a small engine house used in connection with a gas plant for her house. For a period of over twenty years she has cut the lawn, cared for the bushes, replaced the soil

and maintained said structures on said strip. She has occu-
pied her property each year from June to October. She
claims title acquired by adverse possession to the portion of
the strip conveyed to the town in 1925 between her north-
erly and southerly boundary lines extended. I find that she
has acted as above stated under a claim of right, and she
supposed, until the decision in her registration case in 1926,
that she owned some interest in said strip. The Sankaty
Path is in constant use, and is a matter of importance to all
lot owners along the bluff. It is a well defined path, but,
owing to inroads by the sea, needs care and repair. It is in
good condition in front of the respondent's house, and her
lawn has in no way interfered with the path. There has been
nothing in her care of the bluff that has been in any way
adverse to the rights of the Proprietors, or of the Town as
their successor in title, nor in any of the said acts of the
respondent has there been anything adverse to the purpose
of the trust under which title to the strip of land has been
held, namely, the maintenance of the path. That portions
of it have been used by the respondent for access to the
beach and for bathing purposes, or for the housing of her
gas engine for lighting her summer residence, has not been
inconsistent with a reasonable inference of permission on the
part of the Proprietors. The Proprietors are the original
body of land owners, holding as tenants in common and
incorporated for purposes of management and division of
the common lands. They are one of the last remaining
bodies of Proprietors in the Commonwealth, and have little
land remaining undivided. They peculiarly represent the
common interests of the land owners as a collective body.
They have no particular means, however, of protecting or
carrying out the trust established by the Flagg deed of
September 21, and that deed expressly provided for their
transferring the title, together with the trust as to this strip
of bluff on which is located the path, to the town. That
they should permit an owner of lots abutting on the path to
adorn and care for the adjoining strip of bluff and beach
upland at its foot, and to use it in any way beneficial to the
house lots and in no way detrimental to the Proprietors for

the maintenance of the path, seems to me reasonable and natural. There is a decided difference between a user of open tracts of seashore property and similar user in a settled community." Apparently as a finding of fact commingled with views of the law he further stated: "Title acquired by adverse possession rests practically on estoppel as a matter of public policy. When an owner has permitted himself to be ousted and another to be in open, notorious and exclusive occupation of his land under a claim of right for a period of twenty years, he has lost the right to assert his title. He does not lose it by a reasonable allowance of the use of a portion thereof by a neighbor, beneficial to the neighbor and on the whole to himself, which does not in any way interfere with his own control of the property for the purposes for which he himself uses it. In such a case permission is to be inferred; and the more so where title to the land is in a public body like the Proprietors."

The trial judge granted the request of the respondent for a ruling to the effect that she entered upon the disputed premises under claim of title based on her deed of September 22, 1892, from Flagg and thereafter her occupation and possession were under color of title, denied certain other requests for rulings, found that she had not acquired title by adverse possession against the petitioner and its predecessor in title, and ordered a decree for the petitioner. Exceptions by the respondent bring the case here.

The respondent states expressly that she does not rely on the deed from Flagg dated September 22, 1892, except so far as it may give color of title to her entry upon the disputed premises. She contends that she has acquired title to the disputed premises by adverse possession subject to the rights of the public to use the foot path.

The judge before rendering his decision took a view of the premises. He also knew the situation of the property of the respondent and surrounding properties and the use by the public and by adjacent owners of the foot path from prior proceedings before him, and it was agreed that he might use this knowledge in deciding the present case. He also made his findings of fact adverse to the respondent upon

testimony and evidence which is not reported. The general order for registration of the title of the petitioner imports a finding of every primary and subsidiary fact necessary to that conclusion. *Adams* v. *Dick*, 226 Mass. 46, 52. *Prentiss* v. *Gloucester*, 236 Mass. 36, 52. *Gottman* v. *Jeffrey-Nichols Co.* 268 Mass. 10, 12. Confessedly the record title to the locus is in the petitioner. The respondent disputes the validity of that title by the contention that she has acquired a superior title by adverse possession. That is an affirmative proposition. The burden of proof rested upon her. Title of that nature can be sustained only by proof of open, adverse, exclusive, continuous and uninterrupted possession under claim of title for the requisite period of twenty years. *Proprietors of Kennebeck Purchase* v. *Call*, 1 Mass. 482, 488. *McDonough* v. *Everett*, 237 Mass. 378. Whether there is proof of these matters is a pure question of fact. Findings of fact by the trial judge upon unreported evidence and a view cannot be reversed, but must be accepted as final. *Curtis* v. *Brown*, 219 Mass. 157, 159. *Bessey* v. *Ollman*, 242 Mass. 89, 91. *Webber* v. *Cox*, 256 Mass. 595, 597. *Erickson* v. *Ames*, 264 Mass. 436, 441. The circumstance that the respondent entered upon the disputed parcel under color of title by virtue of the deed to her from Flagg does not affect in any degree the rule of law that title by adverse possession is wholly a question of fact. Entry made under color of title might be evidence or even proof as to the extent of possession if and when the requisite possession is shown. Actual possession of a part of a large tract, when proved, is not limited to the part so possessed but gives constructive possession of the entire parcel when the entry was made under color of title. *Dow* v. *Dow*, 243 Mass. 587, 590. Ordinarily and in the case at bar that factor has no further effect. That deed from Flagg to the respondent is of no avail in proof of the character or of the fact of possession by her, because it bore on its face as a part of the "interest" attempted to be released and quitclaimed the assertion that it was "subject" to the grantor's earlier deed to the Proprietors. At most that deed was a piece of evidence to be weighed by the trial judge together with all the

other evidence in deciding the vital issue between the parties. It was different from a merely void deed apparently good on its face. It declared its own limitations in express terms. There is nothing in decisions like *Higbee* v. *Rice,* 5 Mass. 343, 352; *Parker* v. *Proprietors of Locks & Canals on Merrimack River,* 3 Met. 91, 100–101; *Warren* v. *Bowdran,* 156 Mass. 280, 282, which aid the respondent on the facts here disclosed.

The point open to the respondent for argument is that the findings of special facts made by the trial judge are of such nature, or so contradictory and incompatible, that as matter of law the order for the decree in favor of the petitioner is not warranted.

When the respondent entered upon the disputed tract under the Flagg deed, by its terms she had express notice of the deed from Flagg to the Proprietors and of the trust thereby created. That trust was "for the purpose of a way or foot path along the bank." There is no finding that any act done by the respondent was incompatible with that trust. No act of the respondent in pursuance of her alleged possession was inconsistent with the trust for the maintenance of the way or foot path. The construction by the respondent of the bulkhead, and the other means taken to support the bluff, were not adverse to the trust but were in truth in aid of it although not designed to that end. The building of the steps and the erection of the two small buildings did not in any degree interfere with the title of the Proprietors or with the public trust for which they held title. The inference of permission by the Proprietors for these incidental and subsidiary purposes cannot as matter of law be pronounced impossible or inconsistent with the acts done by the respondent. Notwithstanding the acts of the respondent, given their collective weight, the trust was at all times in force and the Proprietors were under no obligation at their peril to put a stop to comparatively trifling trespasses on the land in no way impairing the trust estate or preventing them from doing whatever might be required with the lapse of time for the active support of the purposes of the trust. The facts taken together do not require the further finding of actual disseisin or ouster of

the Proprietors as the owners of the record title, a finding essential to the establishment of title by adverse possession. *Boston Mill Corp.* v. *Bulfinch,* 6 Mass. 229, 233. *Melvin* v. *Proprietors of Locks & Canals on Merrimack River,* 5 Met. 15, 26, 32. *Barker* v. *Kennard,* 226 Mass. 586, 589, 590. *Dead River Fishing & Hunting Club* v. *Stovall,* 147 Miss. 385, 399. The inference of permission by the Proprietors for all the things done by the respondent upon the disputed premises was justified. *Arnold* v. *Stevens,* 24 Pick. 106, 110–111. The nature of the occupation by the respondent, as found by the trial judge, was consistent with the condition in her deed that her title was subject to Flagg's prior deed of the same premises to the Proprietors upon the trusts there declared. Hence the presumption is that it was under and in pursuance of that condition and not adverse to it, notwithstanding that her entry was under color of title. *Atkins* v. *Bordman,* 20 Pick. 291, 302.

The findings of facts made are not inharmonious one with another, and they are consonant with the ruling to the effect that the respondent entered under claim of title and that thereafter her occupation and possession, such as shown by the findings, were under color of title. It is not necessary to review one by one the requests for rulings, which were denied. It is enough to say that no error of law is disclosed, either in the facts found or in the refusals in view of those facts to grant requested rulings.

*Exceptions overruled.*