MARGARET A. WILCOX & another *vs.* GEORGE SARRIS.

Norfolk. October 5, 1954. — November 3, 1954.

Present: QUA, C.J., LUMMUS, WILKINS, WILLIAMS, & COUNIHAN, JJ.

*Adverse Possession and Prescription. Trespass. Damages,* For trespass.

A conclusion that a woman had acquired title by adverse possession to a strip of land adjoining two lots on which she and her husband had their home was justified where it appeared that her husband had negotiated for a purchase of the lots and also the strip for a certain price, that a deed later received by her conveyed the lots but not the strip, and that continuously for more than twenty years after such negotiations she had had actual and open possession of the strip under a claim of right.

Damages awarded against a trespasser on land should not have included the cost of replacing trees which were removed by him but were not shown to have enhanced the value of the land.

BILL IN EQUITY, filed in the Superior Court on January 3, 1950.

The suit was heard by *Dowd,* J., on a master's report.

In this court the case was submitted on briefs.

. *Abraham T. Handverger,* for the defendant.

*Barnard Bachner & Howard C. Abbott,* for the plaintiffs.

LUMMUS, J.   The plaintiffs, a married couple, in their bill in equity, alleged that they have acquired title to a parcel of land in Millis by adverse possession, and pray for an injunction against acts of the defendant interfering with the plaintiffs' occupancy thereof, for an adjudication that they have acquired title thereto by reason of adverse possession, and for damages.   The facts appear in the report of .a master which was confirmed.   In 1923 the male plaintiff Charles E. Wilcox bought from the Millis Building Association, Inc., lots 108 and 109 on a certain plan and an unnumbered strip to the east of those lots, for $250.   He built a garage on lot 109 and a driveway from Main Street to the garage.   The plaintiffs lived in the garage until 1925, when they moved into a house which they built on lot 108.   In 1924 they made a vegetable garden on the northerly end of their land, and used the garden until the fall of 1949. In August, 1925, the Millis Building Association, Inc., gave a deed to Margaret conveying lots 108 and 109, but not a thirty foot strip easterly thereof, which was reserved for a street.   Title to that strip is now in dispute between the parties.

In 1929 Millis Building Association, Inc., conveyed to one Kerr, and in 1941 Kerr gave a deed to the defendant Sarris purporting to convey the thirty foot strip adjoining lots 108 and 109 easterly.   But the master found that the plaintiffs occupied the locus adversely and under a claim of right from 1923 to 1949, a period of twenty-six years, and gained title by adverse possession.

The master found that the plaintiffs suffered damage from the act of the defendant in removing a banking to the extent of $184.   He found that the cost of replacing six large trees removed by the defendant would be $525.   But he found that there was no evidence that the trees enhanced the value of the land in dispute.

A final decree was entered, establishing the title of the plaintiff Margaret A. Wilcox to the thirty foot strip in

question, enjoining the defendant against interference with her possession and occupancy, and awarding said plaintiff damages in the amount of $184 plus $525. The defendant appealed.

No doubt the plaintiff Margaret had no title by deed to the disputed land. But the evidence warranted the finding of the master that her possession was actual, open, continuous for more than twenty years and under a claim of right. *Nantucket* v. *Mitchell*, 271 Mass. 62, 68. *Holmes* v. *Johnson*, 324 Mass. 450, 453.

The final decree is modified by striking out the item of damages of $525, the cost of replacing six large trees, and as modified is affirmed with costs of this appeal.

*So ordered.*